■ MORGAN CAPITAL LLC et al., Appellants, v SALOMON BROTHERS REALTY CORP., Respondent. [791 NYS2d 529]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered October 31, 2003, which, in an action for breach of a mortgage commitment, granted defendant's motion to dismiss the action on the ground of release, and denied plaintiffs' cross motion to serve a second amended complaint, unanimously affirmed, with costs.

The complaint was properly dismissed on the ground that the

facts alleged show that defendant's obligations under the alleged mortgage commitment were owed jointly, not severally, to plaintiff Morgan Capital LLC (Morgan) and Morgan's cosignatory (Cammeby), and that Cammeby therefore had the authority to release defendant from Morgan's claims under the commitment (*see People ex rel. Eagle v Keyser*, 28 NY 226 [1863]). The commitment letter was offered to, and separately signed by both Morgan and Cammeby. It provides, in its first substantive paragraph, that the borrower was to be a newly created, special purpose bankruptcy remote limited liability company that at closing was to have no assets other than the property specified as security for the loan, and no debts other than the loan. Thereafter, the letter speaks only in terms of the borrower's rights and obligations, not those of Morgan and Cammeby. Although the nature of the relationship between Morgan and Cammeby is not denominated, a joint venture is plainly indicated. Among other things, the letter is conditioned on no material adverse change in the financial condition of the borrower (and its principals), and the payment of a $200,000 deposit at the time of signing without specification of particular amounts to be separately paid by Morgan and Cammeby. That Morgan paid $120,000 toward the deposit, and Cammeby $80,000, and that defendant accepted these separate payments without protest, is indicative only of the relationship between Morgan and Cammeby inter se, and was of no concern to defendant. Nor is the joint nature of the obligees' interest altered by defendant's attempts to secure both Morgan's and Cammeby's signatures to the release. The additional allegations contained in Morgan's proposed second amended complaint are identical to those it made in opposition to defendant's motion to dismiss and fail to show a viable cause of action. We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.